**Bobbi–Lyn REED, Plaintiff,**

v.

**MBNA MARKETING SYSTEMS INC., et al., Defendants.**

No. 02–CV–28–B–S.

United States District Court,
D. Maine.

April 11, 2002.

Timothy J. O'Brien, Robert C. Brooks, Portland, ME, for Plaintiff.

James R. Erwin, Ella L. Brown, Pierce, Atwood, Portland, ME, for Defendant.

## ORDER

SINGAL, District Judge.

Bobbi–Lyn Reed, a former employee of MBNA Marketing Systems, Inc., brought claims of sexual harassment against the company. Presently before the Court is Defendant's Motion to Dismiss Counts III through V of the Complaint (Docket # 4). For the following reasons, the Court GRANTS the Motion.

### I. LEGAL STANDARD

In assessing the Motion to Dismiss, the Court accepts all of Plaintiff's well-pleaded facts as true, and draws all reasonable inferences in Plaintiff's favor. *See, e.g., Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 56 (1st Cir.2002). Only when it appears that Plaintiff cannot prevail on any viable legal theory will the Court grant the Motion. *See, e.g., Barrington Cove Ltd. P'ship v. Rhode Island Hous. Fin. Corp.*, 246 F.3d 1, 5 (1st Cir.2001).

### II. FACTUAL OVERVIEW

Bobbi–Lyn Reed began working for MBNA Marketing Systems, Inc. ("MBNA") at its Orono, Maine, office in July 1999. At the time Reed was hired, MBNA was aware that her supervisor, William Appel, had a history of inappropriate sexual activity with his female subordinates. In 1996, MBNA had transferred Appel to his position at the Maine office after he became embroiled in a sexual relationship with a female employee at an MBNA office in Delaware.

Shortly after Reed began working at the Orono office, Appel began making inappropriate sexual comments to her and other female employees. He also began to pressure her to baby-sit for his two-year-old son at his home after work. Reed agreed, and on the first evening that Reed baby-sat for Appel's son, in August 1999, Appel

sexually assaulted her in his living room. After the incident, Appel warned Reed that she would be fired if she told anyone about it.

Appel's sexually aggressive behavior continued towards Reed in the ensuing months. Reed did not report the behavior to MBNA, although other female employees at the company reported Appel's advances toward them. Because of Appel's continued attentions, Reed resigned from her position at MBNA in November 1999.

Approximately seven months later, however, Reed returned to work at the Orono office, and MBNA once again assigned her to a work group supervised by Appel. Almost immediately, Appel began making sexual comments to her. On numerous occasions, he told her he wanted her to come over to his house and "baby-sit" again. When Reed eventually made it clear that she did not intend to return to his house, Appel became angry and began treating her poorly. In particular, he reprimanded her for workplace infractions that he did not enforce against Reed's female co-workers. Finally, when Reed overheard Appel asking another female employee to baby-sit for his son, she reported the August 1999 incident to MBNA, and MBNA suspended Appel.

Reed subsequently filed charges of sex discrimination with the Maine Human Rights Commission and the federal Equal Employment Opportunity Commission, and received "right to sue" letters from both. She then filed a Complaint in this Court. Counts I and II alleged violations of the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Counts III through V alleged causes of action for negligent supervision, negligent hiring and negligent training based on MBNA's failure to prevent Appel's conduct. MBNA moved to dismiss Counts III through V pursuant to Rule 12(b)(6).

## III. DISCUSSION

Plaintiff's legal claims are nearly identical to those made by one of her co-workers, Karen Paquin, who also filed a claim against MBNA for Appel's sexually inappropriate behavior. *See Paquin v. MBNA Marketing Systems, Inc.*, No. 02–CV–09–B–S. Indeed, these cases have proceeded hand-in-hand before the Court, with identical motions and responses being filed by Defendant and the plaintiffs in both cases.[1] Here, as in *Paquin*, Defendant seeks to have the common law counts of the Complaint dismissed because (1) the Maine Workers' Compensation Act ("WCA"), 39–A M.R.S.A. § 104 et seq., has preempted all claims for negligent supervision, hiring or training filed by employees against their employers; and (2) the negligence claims are "redundant torts," rendered superfluous by the MHRA.

In a companion Order also issued today in *Paquin*, the Court declines to address the argument relating to the WCA, and rejects the contention that causes of action for negligent supervision, hiring or training may be pursued to remedy acts of sex discrimination that are actionable under Title VII and the MHRA. Plaintiff's case differs from Paquin's only in that some of the behavior that Plaintiff alleges on the part of Appel occurred at Appel's home. Plaintiff does not appear to distinguish Appel's at-work misdeeds from his at-home misdeeds, however. Rather, she argues that the acts occurring at both locations are evidence of sex discrimination, and insists that her negligence claims are appropriate causes of action to remedy

---

1. Counsel for Plaintiff and Paquin is the same.

that behavior.   As discussed in *Paquin,* they are not.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Counts III through V of the Complaint (Docket # 4), and DISMISSES those Counts WITH PREJUDICE.

SO ORDERED.